**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 6 2021

FOR THE NINTH CIRCUIT

MICHAEL GORDON BANKS,

　　　　　　　Petitioner-Appellant,

　v.

COMMISSIONER OF INTERNAL REVENUE,

　　　　　　　Respondent-Appellee.

No.　20-72163

Tax Ct. No.　5783-18 L

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

　　Michael Gordon Banks appeals pro se from the Tax Court's decision to sustain the Commissioner of Internal Revenue's notice of federal tax lien related to his outstanding tax liabilities from the years 2013 and 2015. We have jurisdiction under

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

26 U.S.C. § 7482(a)(1). We review the Tax Court's decision de novo, meaning we engage in "a fresh analysis of whether the Commissioner abused his discretion." *Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006). Finding no basis to conclude there was an abuse of discretion, we affirm.

The Tax Court correctly determined that it was not an abuse of discretion to sustain the rejection of Banks's offer in compromise of $12,000. Banks did not dispute that his assets totaled more than $110,000, nor did he provide evidence that paying the outstanding $23,000 liability in full would cause him economic hardship. *See id.* at 709 (describing the economic hardship analysis as one focused on basic living expenses). It was not an abuse of discretion to reject Banks's offer in compromise on these facts. *See Keller v. Comm'r*, 568 F.3d 710, 717–18 (9th Cir. 2009) (finding no abuse of discretion where calculations revealed the taxpayers could afford to pay substantially more than their offers).

The Tax Court correctly determined that it was not an abuse of discretion to decline to withdraw the notice of federal tax lien. Although the Taxpayer Advocate Service found that withdrawal of the lien would be in Banks's best interest, there has never been a determination that withdrawal would also be in the best interest of the United States as required by I.R.C. § 6323(j)(1)(D). There is no support for Banks's argument that the notice was prematurely filed because his offer in compromise was pending.

Finally, we reject as meritless Banks's claims that the Commissioner engaged in criminal activity or failed to follow proper procedures.

**AFFIRMED.**